**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEFFREY W. PLAZA, | : | Civil Action No. 17-11466 (MAS) (LHG) |
| Plaintiff, | : | |
| v. | : | |
| BERNARDS TOWNSHIP PLANNING BOARD, et al., | : | |
| Defendants. | : | |
| | | |
| MICHAEL S. BARTH, | : | Civil Action No. 17-13154 (MAS) (LHG) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION** |
| BERNARDS TOWNSHIP PLANNING BOARD, et al., | : | |
| Defendants. | : | |

**SHIPP, District Judge**

This matter comes before the Court on two motions in related cases: (i) Plaintiff Jeffrey W. Plaza's ("Plaza") motion to remand his case, Civ. No. 17-11466 ("Plaza Action") to the Superior Court of New Jersey, Law Division, Somerset County for lack of subject matter jurisdiction (ECF No. 10);[1] and (ii) Plaintiff Michael S. Barth's ("Barth") motion to remand his case, Civ. No. 17-13154 ("Barth Action") to the Superior Court of New Jersey, Law Division, Somerset County for lack of subject matter jurisdiction (17-13154 ECF No. 7). In the Plaza Action, Defendants Bernards Township Planning Board ("Planning Board") and the Islamic Society of Basking Ridge,

---

[1] All citations are to the Plaza Action docket unless otherwise indicated.

Inc. ("ISBR") (collectively, "Defendants") filed opposition (ECF No. 14) and Plaza replied (ECF No. 19). In the Barth Action, Defendants filed opposition (17-13154 ECF No. 13) and Barth did not file a reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaza's and Barth's motions are granted.

I. **Background**

The Plaza and Barth Actions stem from a prior federal lawsuit in the District of New Jersey involving Defendants, *The Islamic Society of Basking Ridge, et al v. Township of Bernards, et al.*, docket number 16-1369 ("Original Action"). *See generally Islamic Soc'y of Basking Ridge v. Twp. of Bernards*, 226 F. Supp. 3d 320 (D.N.J. 2016). The ISBR sought to construct a mosque in Bernards Township, but the Planning Board denied its application. (Compl. ¶¶ 6-9, ECF No. 1-3.) The ISBR then filed a lawsuit against the Bernards Township Committee and the Planning Board, alleging violations of the Religious Land Use and Institutionalized Persons Act, the First and Fourteenth Amendments of the United States Constitution, the New Jersey Constitution, and New Jersey state law. (*Id.* ¶ 10.)

The parties in the Original Action eventually entered into a settlement agreement ("Settlement Agreement"). (*Id.* ¶ 11.) Further, individual committee members of both the Township Committee and the Planning Board agreed to the terms of the Settlement Agreement.[2] (*Id.*) The Settlement Agreement, which set forth the next steps in the planning and construction

---

[2] Members of the Bernards Township Committee who agreed to the terms of the Settlement Agreement were John Carpenter, John Malay, Thomas Russo, Carolyn Gaziano, and Carol Bianchi (Compl. ¶ 11), while the members of the Planning Board were James Baldassare, Kathleen Piedici, Barbara Kleinert, and Scott Ross. (*Id.*). Of these members, Gaziano, Piedici, Baldassare, and Ross ("Conflicted Board Members") are parties to the Settlement Agreement and, therefore, beneficiaries of the general release. (*Id.* ¶ 20.) The Court notes that in the Original Action, Plaza was named as a defendant in his official capacity but was not a party to the Settlement Agreement.

2

of the mosque, also provided the Township and the Planning Board with a general release of any and all claims against them. (*Id.* ¶¶ 12-14.) The general release, however, was conditioned upon the Planning Board's approval of the Settlement Agreement. (*Id.* ¶ 17.)

### A. Plaza Action

Plaza, proceeding *pro se*, filed a complaint against Defendants in the Superior Court of New Jersey, Law Division, Somerset County, alleging violations of the New Jersey Municipal Land Use Law ("MLUL"), the New Jersey Local Government Ethics Law ("LGEL"), and New Jersey common law, as well as violations of the Planning Board's Rules and Regulations. (*See generally* Compl.) On November 9, 2017, Defendants removed the action to this Court citing 28 U.S.C. § 1441 as the basis for jurisdiction (Notice of Removal 1, ECF No. 1), and then each filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Plaintiff had failed to state a claim upon which relief could be granted. (Planning Board's Mot. to Dismiss 1, ECF No. 7; ISBR's Mot. to Dismiss 1, ECF No. 9.)

Following Defendants' motions, Plaza filed a motion to remand to state court, arguing that the action involves solely state law claims and the Court, therefore, has no subject matter jurisdiction over the non-diverse parties. (Plaza's Mot. to Remand 1, ECF No. 10.) Plaintiff then moved to stay all proceedings pending the Court's determination on Plaza's motion to remand. (Plaza's Mot. to Stay 1, ECF No. 11.) The Court, on January 22, 2018, granted Plaintiff's motion to stay and administratively terminated Defendants' motions to dismiss, pending a decision on Plaza's motion to remand. (Order, ECF No. 22.)

### B. Barth Action

Barth, a *pro se* plaintiff, filed a Complaint in Lieu of Prerogative Writs against Defendants in the Superior Court of New Jersey, Law Division, Somerset County. (*See generally* Barth

3

Compl., 17-13154 ECF No. 1-1.) Barth's complaint pertains to the Settlement Agreement the parties reached in the Original Action, as well as the steps and procedures taken by Township and Planning Board committee members in achieving that result. Barth alleges, although without citing specific statutory authority, that: (1) "the Settlement Agreement . . . created a conflict of interest for some Planning Board members voting at the Whispering Woods hearing"; (2) "the Planning Board ignored ISBR's alleged lack of standing to file a site plan application"; (3) the Whispering Woods hearing mandated by the Settlement Agreement was procedurally flawed; and (4) the Planning Board's decision to approve the ISBR's revised site plan was unreasonable because ISBR's site plan presented a public safety hazard. (Defs.' Barth Action Opp'n Br. 8, 17-13154 ECF No. 13; *see also* Barth Compl.)

Following Barth's filing, the Planning Board removed the action to federal court, pursuant to 28 U.S.C. § 1441 (Notice of Removal 1, 17-13154 ECF No. 1), and subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Barth had failed to state a claim upon which relief could be granted. (Planning Board's Mot. to Dismiss 1, 17-13154 ECF No. 6.) Barth then filed a motion to remand the case to state court, arguing that the action involves state law claims and the Court, therefore, has no subject matter jurisdiction over the non-diverse parties. (Barth's Mot. to Remand, 17-13154 ECF No. 7.) Barth then moved to stay all proceedings pending the Court's determination on Barth's motion to remand. (Barth's Mot. to Stay, 17-13154 ECF No. 8.) The Court, on January 22, 2018, granted Barth's motion to stay and administratively terminated the Planning Board's motion to dismiss pending a decision on Barth's motion to remand. (Order, 17-13154 ECF No. 12.) Following the Court's order staying proceedings, Plaintiff filed a motion for recusal and a motion to strike Defendants' jointly filed opposition as untimely. (Barth's Mot. for Recusal; Barth's Mot. to Strike, 17-13154 ECF No. 15.)

## II. Legal Standard

### A. Removal

A party may remove an action from state court to any federal court in which there is original jurisdiction. 28 U.S.C. § 1441(a). There are two types of original jurisdiction, or subject matter jurisdiction. The first, federal question jurisdiction, exists when a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The second, diversity jurisdiction, is established when the amount in controversy exceeds $75,000 and the parties are of completely diverse citizenship. 28 U.S.C. § 1332. Parties removing an action to federal court, therefore, are tasked with establishing that "[f]ederal subject matter jurisdiction exists and that removal is proper." *Gateway 2000 v. Cyrix Corp.*, 942 F. Supp. 985, 989 (D.N.J. 1996); *Dukes v. U.S. Healthcare*, 57 F.3d 350, 359 (3d Cir. 1995); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

At all stages of a litigation, the removing party bears the burden of demonstrating that the federal court has subject matter jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Accordingly, when presented with an argument for remand, "the burden of establishing removal jurisdiction rests with the defendant." *Dukes*, 57 F.3d at 359. Removal statutes are strictly construed—when doubt exists as to the propriety of removal, remand is favored. *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

### B. Federal Question Jurisdiction

In these cases, because there are no allegations that the parties are diverse, removal is permissible only if federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. "The presence

5

or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar*, 482 U.S. at 392). A defense to a plaintiff's state law action, therefore, "ordinarily does not appear on the face of the well-pleaded complaint, and . . . usually is insufficient to warrant removal to federal court. *Dukes*, 57 F.3d at 353; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.").

### III. Discussion

#### A. Parties' Positions

##### i. Plaza Action

Plaza alleges that, because a condition of the ISBR's general release was the approval of the Settlement Agreement, the individual Planning Board and Township committee members who agreed to the terms of the Settlement Agreement had a conflict of interest and should not have been permitted to enter into the Settlement Agreement. (Plaza's Moving Br., 2, ECF No. 10-1.) According to Plaza, "[b]y making the individual benefit of the [general release] contingent on the approval of [ISBR's renewed mosque application], the [Settlement Agreement] gave each such Board member an improper and unlawful reason to approve the Revised Application, namely to obtain a release of all personal claims that ISBR . . . may have had against them." (*Id.*) This conflict, according to Plaza, was in violation of the MLUL, LGEL, and New Jersey common law. (*Id.* at 3.) "For that reason, . . . the actions taken by the [C]onflicted Board [M]embers in approving

the [Settlement Agreement] constituted an abuse of New Jersey municipal land use powers bestowed upon them and are a legal nullity." (*Id.*)

Plaza contends that, although Defendants allege this case involves the performance of a federally-mandated settlement agreement, federal question jurisdiction has not been established. (*Id.* at 10.) According to Plaza, the action only involves issues of state law, and "the potential effects on the [Settlement Agreement] of a federal lawsuit simply did not present a federal question." (*Id.* at 13.) Moreover, Plaza states that "Defendants do not cite a single authority for the proposition that, whether expressly or implicitly contained in an order or settlement agreement incorporated therein, that a federal district court has the authority to assert ancillary jurisdiction over the subsequent state law claims of third parties who did not participate in either the underlying litigation or resulting settlement agreement." (Plaza's Reply Br. 2, ECF No. 19.)

Defendants, on the other hand, contend that the Court's order, which retained jurisdiction over all matters relating to the Settlement Agreement, created ancillary jurisdiction over Plaza's claims and, therefore, the Court has subject matter jurisdiction over the present action. (Defs.' Plaza Action Opp'n Br. 6, ECF No. 14.) Defendants cite to provisions of the Settlement Agreement that they assert vest this Court with jurisdiction. (*Id.* at 3-4.) Further, Defendants claim that the Court had subject-matter jurisdiction over the Original Action and, because the Settlement Agreement was a federal court order in the Original Action, the "state law claims [Plaza] has raised constitute a direct attack on the federal court Order, thereby providing this Court with ancillary jurisdiction." (*Id.* at 7.)

  ii. **Barth Action**

Barth contends that, because the complaint only alleges state law claims, there is no basis for the Court to exercise federal question jurisdiction over the non-diverse parties. (Barth's Mot.

7

to Remand 3, 17-13154 ECF No. 7.) The only authority Barth cites is *Smith v. Township of Bernards*, a case previously before this Court that also dealt with state law claims involving the Settlement Agreement. *See generally Smith v. Twp. of Bernards*, No. 17-4551, 2017 WL 5892202 (D.N.J. Nov. 29, 2017). Barth argues that, like the plaintiff in the *Smith* action, whose motion to remand was granted for lack of subject matter jurisdiction, the current action lacks a federal question and should, therefore, be remanded to state court. (Barth's Mot. to Remand 3.)

Defendants raise similar arguments in opposition as they raised in the Plaza Action, contending that the Court's order, which retained jurisdiction over all matters relating to the Settlement Agreement, created ancillary jurisdiction over Barth's claims and, therefore, establishes the Court as a suitable forum for the present action. (Defs.' Barth Action Opp'n Br. 7.) Further, Defendants claim that the Court had subject-matter jurisdiction over the Original Action and, because the Settlement Agreement was a federal court order stemming from the Original Action, Barth's state law claims attack both the federal court order and the Planning Board's approval and provide the Court with ancillary jurisdiction. (*Id.* at 9, 13-14.)

**B.    Analysis**

**i.    Federal Question Jurisdiction: Well-Pleaded Complaint Rule**

Plaza's allegations are based on violations of the MLUL, LGEL, and New Jersey common law, which are all state law claims. (Compl. ¶¶ 27-43.) Defendants' justification for removal is based upon the Settlement Agreement, which was incorporated into a federal order of this Court. (Defs.' Plaza Opp'n Br. 6-7.) By challenging the validity of the Settlement Agreement and the procedure used to obtain it, Defendants argue that Plaza's Complaint raises a federal question and is, therefore, subject to the Court's jurisdiction. (*Id.*) Similarly, Barth's allegations are based on several inappropriate actions and conflicts of Defendants, none of which fall under federal law.

(*See generally* Barth Compl.) Defendants' justification for removal is based upon the Settlement Agreement, which was entered as a federal order from this Court. (Defs.' Barth Opp'n Br. 8-9.) By challenging the validity of the Settlement Agreement and the procedure used to obtain it, Defendants argue that Barth's Complaint raises a federal question and is, therefore, subject to the Court's jurisdiction. (*Id.*) Defendants, however, have cited no case that stands for the proposition that the Settlement Agreement falls under the class of laws that establishes federal question jurisdiction under § 1331 or Article III.[3]

ii. **Substantial Federal Question**

"[E]ven if the cause of action is based on state law, there is a 'special and small category of cases in which [federal question] jurisdiction still lies.'" *Goldman v. Citigroup Glob. Mkts., Inc.*, 834 F.3d 242, 249 (2016) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). In that small category, federal jurisdiction applies to state law claims if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. When *all* four of these elements are met, subject matter jurisdiction is proper over a state law claim. *Id.*

To establish federal question jurisdiction based on a substantial federal issue, "an element of the [plaintiff's] state law claim [must] require[] construction of federal law." *MHA LLC v. Healthfirst, Inc.*, 629 F. App'x 409, 412-13 (3d Cir. 2015); *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314-15 (2005) (finding federal jurisdiction because plaintiff's state

---

[3] Complete preemption may be a basis for removal in certain limited circumstances. The Supreme Court has recognized complete preemption in three situations: § 301 of the Labor Management Relations Act; § 502(a) of the Employee Retirement Income Security Act; and §§ 85 and 86 of the National Bank Act. Defendants do not address in their briefs the topic of complete preemption—which, in any event, is irrelevant—and, therefore, fail to demonstrate that the doctrine applies to the removed action.

9

law claim was premised "on a failure by the IRS to give [plaintiff] adequate notice, as defined by *federal law*") (emphasis added); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 201-02 (1921) (holding that federal jurisdiction was proper because the state law claim, which prohibited investment in illegal securities, depended upon "the constitutional validity of an act of Congress which is directly drawn into question"); *but see MHA*, 629 F. App'x at 413 (removing party "failed to establish that it is necessary to construe *federal law* to determine whether [plaintiff] can establish the elements of its [state law claims]") (emphasis added); *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014) (holding that plaintiff's claims could be decided without reference to *federal law* and, therefore, were not subject to federal jurisdiction) (emphasis added); *Old Bridge Twp. Raceway Park, Inc. v. Twp. of Old Bridge Zoning Bd. of Adjustment*, No. 13-05219, 2013 WL 5793452, at *2 (Oct. 28, 2013) (stating that even though a related case was in front of the court and "on an intuitive level" it would seem to make sense to have both cases proceed there, the court lacked subject matter jurisdiction over a case involving a state law zoning dispute); *New Jersey v. City of Wildwood*, 22 F. Supp. 2d 395, 403-04 (D.N.J. 1998) (holding that while plaintiff's complaint references federal law, the central issue "turns on the application and interpretation of *purely state laws*") (emphasis added).

Plaza's and Barth's complaints raise violations of New Jersey law, while referencing the Court's Order incorporating the Settlement Agreement. (*See generally* Plaza Compl.; Barth Compl.) Defendants have not demonstrated, however, that reference to an order—which is not a *federal law*—is sufficient to establish subject matter jurisdiction based on a substantial federal issue. Further, Defendants have not demonstrated that Plaza's and Barth's complaints meet the standards set forth in both *Grable* and *Smith* and have not carried their burden of demonstrating that the Complaints raise a substantial federal issue.

### iii. Ancillary Jurisdiction

Ancillary jurisdiction gives courts authority to hear matters that lack an independent basis for subject matter jurisdiction but are "incidental to other matters properly before them." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994); *Bryan v. Erie Cty. Office of Children & Youth*, 752 F.3d 316, 321 (3d Cir. 2014). Courts generally exercise ancillary jurisdiction over a claim to: "(1) permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379-80.

Claims involving settlement agreements properly incorporated into a federal court order may be subject to ancillary jurisdiction. *Kokkonen*, 511 U.S. at 381. In *Kokkonen*, the Supreme Court reversed the Ninth Circuit's affirmation of a finding of subject matter jurisdiction in an action stemming from a settlement agreement. *Id.* at 382. The district court in the original action did not retain its jurisdiction over future claims regarding the settlement and, therefore, no subject matter jurisdiction existed. *Id.* at 381. The Supreme Court noted:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

*Id.*

Nevertheless, "a 'court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims[;]' [a]ncillary jurisdiction alone cannot provide the original jurisdiction that [a party] must show in order to qualify for removal under § 1441." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002) (quoting *Peacock v. Thomas*, 516 U.S. 349, 355

(1996)). In other words, there must be an anchor claim present in the lawsuit establishing subject matter jurisdiction before a court may allow ancillary claims. *See id.*; *Kokkonen*, 511 U.S. at 381; *Old Bridge*, 2013 WL 5793452, at *2 (granting plaintiff's motion to remand, the court held that "[ancillary] jurisdiction cannot serve as a basis for bootstrapping [p]laintiff's action to the previous [federal] action between [defendant] and [plaintiff]").

Unlike the parties in *Kokkonen*, this Court retained jurisdiction over claims arising under the Settlement Agreement. (Exhibit B, ECF No. 1-2.) Plaza and Barth, however: (i) are not parties to the Settlement Agreement; (ii) brought separate cases challenging the actions of the Planning Board and ISBR and not, for example, a motion to enforce or a challenge to the Settlement Agreement in the Original Action; (iii) Plaza's and Barth's claims reference the Settlement Agreement, but only allege violations of *state law*; and (iv) importantly, the matters were filed in state court and then removed to this Court. Accordingly, Defendants have not carried their burden to show that the Court has subject matter jurisdiction.

Moreover, paragraph 10—one of the provisions of the Settlement Agreement that Defendants assert vest the Court with jurisdiction over this case—does use broad language:

> For the avoidance of doubt, the Court's retention of jurisdiction over this matter encompasses all matters relating to the Whispering Woods hearing referenced in Paragraph 3, any approvals referenced in Paragraph 5, any legal appeals or challenges referenced in Paragraphs 5 or 9, or any other matters relating to the approval, construction or operation of ISBR's proposed mosque on the Property.

(Settlement Agreement ¶ 10, ECF No. 10-2.) The language speaks in terms of retention of jurisdiction over "this matter", which, as written, includes "any Complaint in Lieu of Prerogative Writ or other Complaint or pleadings filed in any Division or Venue of the Superior Court of New Jersey[, which] shall be promptly removed to the United States District Court for the District of New Jersey and marked as a related matter to this Action." (*Id.*) The provision further states,

however, that "[a]*ll Parties consent to such removal* and all further proceedings on any such pleadings shall be in this Court before Judge Shipp (or the District Judge then assigned to this Action)." (*Id.* (emphasis added).) Thus, paragraph 10 speaks in terms of the consent of the parties to the Settlement Agreement itself; however, neither Plaza nor Barth is a party to the Settlement Agreement. Defendants have not carried their burden to demonstrate that this language that purportedly vests the Court with ancillary jurisdiction is a permissible basis for removal.

Further, in *Smith v. Township of Bernards*, this Court ruled that the Court did not have ancillary jurisdiction over state law claims challenging the Settlement Agreement brought by third parties. 2017 WL 5892202, at *3-4. In *Smith*, defendants, which included the Planning Board, removed an action alleging a violation of the Open Public Meetings Act ("OPMA"), a New Jersey state law, to federal court. *Id.* at *1. Similar to the present action, this violation stemmed from the Settlement Agreement. *Id.* Plaintiff in *Smith* contended that defendants failed to provide proper notice of the meeting in which certain parties in the Original Action entered into the Settlement Agreement, which constituted a violation of the OPMA. *Id.* Defendants argued that this Court's retention of jurisdiction over the Settlement Agreement created ancillary jurisdiction over the OPMA claim. *Id.* at *3. This Court, however, granted plaintiff's motion to remand, stating that "[a]ncillary jurisdiction, however, is not available here because '[i]n a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring jurisdiction.'" *Id.* (quoting *Peacock*, 516 U.S. at 355).

## IV. Conclusion

Accordingly, for the reasons set forth above, Barth's Motion for Recusal and Motion to Strike are denied, Plaza's and Barth's Motions to Remand are granted. An order consistent with this Memorandum Opinion shall be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Date: July 31, 2018